UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY PENCIL, | : | Case No. 3:12-cv-377 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| THE OHIO MASONIC HOME PENSION PLAN, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COUNTS II AND III OF PLAINTIFF'S COMPLAINT (Doc. 6)**

This civil action is before the Court on Defendants'[1] Motion to Dismiss Counts II and III of Plaintiff's Complaint (Doc. 6), and the parties' responsive memoranda (Docs. 7, 9).

### I. FACTS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff was a long-time employee of The Ohio Masonic Home ("OMH") and a participant in the OMH Pension Plan. (Doc. 1 at ¶¶ 6-7). In September 2009, OMH announced that an Early Retirement Incentive Program ("ERIP") would be made available to those employees over age 50 and having specified years of service. (*Id*. at ¶ 8). Plaintiff satisfied the requirements and applied to participate in the ERIP. (*Id*. at

---

[1] Defendants include The Ohio Masonic Home ("OMH"), which is both Plaintiff's employer and the administrator of the OMH Pension Plan, and the Plan itself.

¶¶ 9-10).

Under the terms of the ERIP, Plaintiff was required to resign and, upon resignation, would be awarded a variety of benefits, including a payout of accrued vacation, a severance payment, and an enhanced distribution from the Plan. Plaintiff tendered her resignation and began looking for a new job. (*Id*. at ¶¶ 11-12). Plaintiff ultimately received job offers from two potential employers. She accepted a position as a supervising RN at Crestview Rehabilitation Facility in Beavercreek, Ohio. (*Id*. at ¶¶ 13-14).

Plaintiff's last day of work at OMH was November 24, 2009. (*Id*. at ¶ 15). Prior to leaving OMH, Plaintiff asked OMH's Chief Executive Officer, David Bannerman, to provide her with a letter of recommendation. (*Id*. at ¶ 16). On December 1, 2009, Plaintiff stopped at OMH to pick up the letter of recommendation from Bannerman. During the discussion that ensued on that day, Bannerman invited Plaintiff to return to OMH and offered her a position as President of Cornerstone Home Health and Hospice Corporation, an OMH subsidiary. (*Id*. at ¶¶ 17-18). Plaintiff informed Bannerman that she did not want to lose her ERIP benefits and, therefore, that she could not accept his offer until the status of her ERIP benefits was resolved. (*Id*. at ¶ 19).

Several days later, Plaintiff and Bannerman participated in a telephone conference with Mark Stiebel, legal counsel for OMH, regarding the ERIP. Bannerman and Stiebel assured Plaintiff that she could be hired as a new employee without jeopardizing her ERIP pension payout. Plaintiff understood, however, that by returning as a new

2

employee, she would lose all seniority.  Plaintiff also understood that that she would not be able to withdraw her ERIP pension benefit during the period of her re-employment, but that she would be permitted to withdraw the pension benefit upon once again leaving employment.  Based upon the representations of Bannerman and Stiebel, Plaintiff accepted Bannerman's offer of employment.  Upon accepting Bannerman's offer, Plaintiff informed officials at the Crestview Rehabilitation Facility that she was declining their job offer.  (*Id*. at ¶¶ 20-24).

Plaintiff returned to OMH a few days later, submitted her resume, completed an application, and underwent a background check.  When Plaintiff once again began working, she did so as a new employee, without seniority as to vacation, sick pay and other benefits.  When Plaintiff returned to work, Bannerman and Kim Snyder, OMH's corporate director of human resources, confirmed that Plaintiff would be paid her ERIP pension benefit on the earlier of the date the pension plan was closed or the end of Plaintiff's employment with OMH.  (*Id*. at ¶¶ 25-27).

Other individuals who had accepted the ERIP benefits were also subsequently re-hired by OMH.  In January 2012, Plaintiff began seeking information from a number of OMH individuals and asserting that she was entitled to her ERIP pension payout.  Plaintiff's requests for the payout created friction between her and new management at OMH, which culminated in a meeting at which Plaintiff was invited to resign.  (*Id*. at ¶¶ 28-30).

Plaintiff subsequently resigned and, upon her resignation, requested a pension distribution under the ERIP provisions. (*Id.* at ¶ 31). OMH declined Plaintiff's request. (*Id.* ¶ 32). Plaintiff exhausted her administrative remedies, and this litigation followed. (*Id.* at ¶¶ 32-35).

Defendants have moved to dismiss Counts II (equitable estoppel) and III (breach of fiduciary duty) of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2]

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing

---

[2] Count I alleges a civil enforcement action for denial of benefits under 29 U.S.C. § 1132 (a)(1)(B).

4

*Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III.   ANALYSIS

#### A. Equitable Estoppel (Count II)

Equitable estoppel has been recognized as a viable theory in an ERISA case.  *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 440 (6th Cir. 2010).  A plaintiff can invoke equitable estoppel in the case of unambiguous pension plan provisions where the plaintiff can demonstrate the traditional elements of estoppel, including that the defendant engaged in intended deception or such gross negligence as to amount to constructive fraud, plus: (1) a written representation; (2) plan provisions which, although unambiguous, did not allow for individual calculation of benefits; and

5

(3) extraordinary circumstances in which the balance of equities strongly favors the application of estoppel. *Id*. at 444.

The *Bloemker* court made clear that to state a claim for equitable estoppel, a complaint must allege that defendant's actions "contain an element of fraud, either intended deception or such gross negligence as to amount to constructive fraud." 605 F.3d at 443. Plaintiff has pled no facts that substantiate any type of fraud or deceptive conduct by Defendants, much less satisfied her burden to plead such fraud with particularity. An allegation of intentional deception or gross negligence amounting to constructive fraud is "a necessary element to establish a claim for equitable estoppel in the ERIP context[.]" *Thacker v. Schneider Elec., Inc.*, No. 12-235, 2013 U.S. Dist. LEXIS 16612, at *25 (E.D. Ky. Feb. 7, 2013) (dismissing ERISA estoppel claim where Plaintiff did not contend that "alleged representations were negligent, let alone grossly negligent or intended to deceive her"). Additionally, Plaintiff does not satisfy the justifiable-reliance requirement of an estoppel claim. A participant's reliance on a representation regarding the plan "can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents." *Bloemker*, 605 F.3d at 443.[3]

Here, Plaintiff does not allege that the ERIP agreement or any other plan document was ambiguous on the applicable issue – whether Plaintiff had to retire to

---

[3] *See also Thacker*, 2013 U.S. Dist. LEXIS 16612 at 25 ("[T]o allow estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves[…] That would not be consistent with ERISA.").

become eligible for a payout under the ERIP program. Plaintiff admits that, by its terms, the ERIP document required her to retire to receive the enhanced benefits. Plaintiff's estoppel claim is that, despite what the ERIP agreement said, she was verbally told something different by OMH's chief executive officer and legal counsel. Plaintiff has not alleged that the ERIP agreement or any other *document* prevented her from determining her eligibility of the enhanced pension payout. Accordingly, Plaintiff's reliance on alleged statements that contradict plan documents (which are not alleged to be ambiguous on the point) was, as a matter of law, not justifiable. *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 553-54 (6th Cir. 2012).

Even if Plaintiff had or could adequately plead traditional estoppel elements, that is not the end of the inquiry. Under *Bloemker*, Plaintiff is required also to demonstrate three additional elements: (1) a representation in writing; (2) plan provisions which, although unambiguous, do not allow for individual benefit calculation; and (3) extraordinary circumstances in which the balance of equities strongly favors the application of estoppel. 605 F.3d at 444.

The ERIP document indicated that Plaintiff was required to retire to be eligible for the enhanced pension payout. Plaintiff nonetheless claims that she is entitled to the enhanced pension benefit despite the plain language of the ERIP document because of an oral representation that allegedly was made by OMH personnel. Plaintiff fails to satisfy *Bloekmker*'s requirement that the representation at issue be in writing. The fact that

7

Plaintiff is not relying on a written representation about her entitlement to the increased pension benefit is "fatal to her claim." *Thacker*, 2013 U.S. Dist. LEXIS 16612 at 25.

Finally, Plaintiff fails to address the argument that her estoppel claim should be dismissed as duplicative of a claim for benefits under § 1132(a)(1)(B). *Mehrens v. Upper Peninsula Plumbers' & Pipefitters' Pension Fund*, 2:11cv467, 2012 U.S. Dist. LEXIS 151662, at *10-11 (W.D. Mich. Oct. 22, 2012) (dismissing equitable estoppel claim as duplicative of claim for benefits, as well as based on absence of extraordinary circumstances).

Accordingly, Plaintiff fails to state a claim for equitable estoppel.

### B.  Breach of Fiduciary Duty (Count III)

Next, Plaintiff maintains that Defendants breached a fiduciary duty owed to her, and, as a result, she was damaged by the loss of the ERIP benefit.  (Doc. 1 at ¶ 64). Plaintiff has brought her claim for breach of fiduciary duty under two statutory subsections of ERISA -- 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3).

#### *1. 29 U.S.C. Section 1132(a)(2)*

Plaintiff's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(2) fails because a claim under ERISA § 502(a)(2) may only be asserted on behalf of the plan itself.  *Loren v. Blue Cross Blue Shield of Michigan*, 505 F.3d 598, 608 (6th Cir. 2007). "Plan participants can only bring a civil action under § 1132(a)(2) for breach of fiduciary duty if they are seeking recovery on behalf of the plan for an injury to the plan; that

section does not permit participants to recover individually." *Stark v. Mars, Inc.*, 790 F. Supp.2d 658, 664-65 (S.D. Ohio 2011).

Plaintiff's reliance on *LaRue v. DeWoilff, Boberg & Assoc.*, 552 U.S. 248 (2008), is misplaced. Plaintiff conflates her claimed loss as an individual – which is not compensable – and loss to plan assets in an individual account, which was at issue in *LaRue*. The Supreme Court explicitly held "that although § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." *Id.*, 552 U.S. at 256. The Court reasoned that the misconduct alleged by plaintiff was within the realm of concerns about "the plan's financial integrity" and "plan asset management" that underpin the obligations set forth in § 409(a) of ERISA. *Id.* at 253. The Court noted that it was not presented with, and therefore did not decide, "what effect the availability of relief under § 502(a)(1)(B) may have on a plan participant's ability to proceed under §502(a)(2)." *Id.* at 260.

Plaintiff also relies on *Rogers v. Baxter Int'l, Inc.*, 521 F.3d 702 (7th Cir. 2008), to argue that she can obtain relief for her individual losses attributable to a fiduciary's breach of duty pursuant to Section 502(a)(2). In *Rogers*, the Seventh Circuit, relying on *LaRue*, allowed participants of a defined-contribution account to obtain relief pursuant to Section 502(a)(2) "if losses to an account are attributable to a pension plan fiduciary's breach of duty owed to a plan." 521 F.3d at 705. Plaintiffs in *Rogers* were a large class

9

of plan participants who did not seek individualized compensatory damages. *Rogers* only allowed recovery for losses to individual accounts under a plan and not for individual losses distinct from injuries to a pension plan. The instant case is not a class action, and Plaintiff does not seek relief for the Plan as a whole. Rather, Plaintiff seeks individualized compensatory damages to remunerate for her individual claims.

Accordingly, Plaintiff's claim for breach of fiduciary duty under § 502(a)(2) is not cognizable under ERISA.

### 2. 29 U.S.C. Section 1132(a)(3)

Plaintiff's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) fails because it cannot be pled concurrently with a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B).[4] Section 1132(a)(3) permits an individual plan participant or beneficiary to bring a private cause of action for breach of fiduciary duty for "appropriate and equitable relief." *Varity Corp. v. Howe*, 516 U.S. 489 (1996). A plaintiff can bring an action for breach of fiduciary duty against a person that qualifies as a "fiduciary" under ERISA. *Id*.

Where, as here, a plaintiff has asserted a claim for ERISA denial of benefits, she is not entitled to alternatively or concurrently assert claims for ERISA breach of fiduciary duty. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998). 29 U.S.C. § 1132(a)(3) is a "last-chance" provision that allows a plaintiff to recover for breach of

---

[4] *See* Count I alleging denial of benefits under 29 U.S.C. § 1132(a)(1)(B).

fiduciary duty only when a claim for denial of benefits is not available. *Kennedy v. United Healthcare, Inc.*, 186 F.R.D. 364, 367-68 (S.D. Ohio Mar. 31, 1999).

In *Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710, 717-18 (6th Cir. 2005), the Sixth Circuit held that, under some circumstances, an ERISA plaintiff may simultaneously bring claims under both Sections 1132(a)(1)(B) and 1132(a)(3). However, the result in *Hill* was based on the fact that plaintiffs in that case sought "plan-wide injunctive relief, not individual-benefit payments." 409 F.3d at 718. The court in *Hill* held that because an award of individual benefits pursuant to § 1132(a)(1)(B) could not provide an adequate remedy for the alleged injury to plaintiffs caused by the plan's alleged improper methodology for handling all emergency-medical-treatment claims for which plaintiffs sought injunctive relief, outright dismissal of the plaintiffs' §1132(a)(3) claims was in error.[5]

In fact, in *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 841-42 (6th Cir. 2007), the Sixth Circuit concluded that plaintiff's breach of fiduciary duty claim could not be brought under Section 502(a)(1)(B) because the employer in that case did not control the disability claims process and was not responsible for the denial of benefits. The court noted that if plaintiff had alleged that the claims administrator breached its fiduciary duty by wrongfully denying benefits, the claim would be duplicative of his denial of benefits claim. *Id.* at 841. Even under *Gore*,

---

[5] Plaintiff's citation to *CIGNA Corp v. Amara*, 131 S.Ct. 1866 (2011) is factually distinguishable because plaintiffs in *CIGNA* had no claim for relief under Section 1132(a)(1)(B).

11

dismissal of claims under Section 502(a)(3) is appropriate where it is merely "a repackaged claim for individual benefits[.]" 477 F.3d at 839-40. [6]

Accordingly, Plaintiff's breach of fiduciary claim fails under both Sections 1132(a)(2) and 1132(a)(3).

## IV.  CONCLUSION

Accordingly, for the reasons stated here, Defendants' motion to dismiss (Doc. 6) is **GRANTED** and Counts II (equitable estoppel) and III (breach of fiduciary duty) are **DISMISSED**. The case proceeds upon Count I of the Plaintiff's Complaint.

**IT IS SO ORDERED**.

Date:  2/27/13                                                              *s/ Timothy S. Black*
                                                                                         Timothy S. Black
                                                                                         United States District Judge

---

[6] In *Moss v. Unum Life Ins. Co.*, No. 11-6017, 2012 U.S. App. LEXIS 17630, at *13 (6th Cir. 2012), the Sixth Circuit recently upheld rejection of a breach of fiduciary duty claim under Section 1132(a)(3).  In evaluating whether a claim under Section (a)(3) may proceed along with a claim for benefits, "[t]he deciding factors…is not whether a plaintiff has recovered under § 1132(a)(1)(B), but rather, whether a plaintiff may recover.  Under *Wilkins*, if §1132(a)(1)(B) provides the entire remedy for a plaintiff's claims, then the plaintiff cannot also seek relief under Section 1132(a)(3)." *Id*.  Because the relief sought by the plaintiff in *Moss* under either theory was the same – i.e., recovery on a life insurance policy, the plaintiff has no cause of action for breach of fiduciary duty. *Id.* at 15.